MORRIS
*vs*
EVANS *et al.*

---

MOTION.

*Case* 41.

*October* 15.

The case stated.

## Morris *vs* Evans *et al.*

ERROR TO THE ESTILL CIRCUIT.

*Principal and surety.    Substitution.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

THE only question we shall notice in this case is, whether, after one of several principal obligors in a judgment shall, without coercion, have advanced the amount thereof to the creditor, upon an express agreement between them that the advance shall not be considered a payment in satisfaction of the judgment, but that the party who made it shall have a right to issue execution thereon against himself and co-defendants, and control the same, he is entitled to such an equitable subrogation as

to authorize a court of law, upon proof of these facts, to overrule a motion by the judgment creditor, to quash an execution issued (*without his consent at the time of emanation*) at the instance of the party claiming substitution?

Had the party making the advance been shown to be a surety merely, although a simple payment by him without proof of any special agreement, would necessarily operate as an extinguishment, yet he would have had a right, upon making a voluntary advance of the money, to stipulate expressly with the creditor for substitution, and then the payment should have been considered as merely the consideration of that equitable transfer, and not as a satisfaction of the judgment, which would frustrate the object of the parties. And in such a case, a Court of law would not permit the judgment creditor to control an execution on the judgment, issued at the instance and for the benefit of the surety. This is according to a principle of the civil law and of universal equity, which has been more than once recognized by this Court.

A surety advancing the amount of a judgment to the plaintiff may stipulate for substitution, and for the control of the judgment and execution against his principal and a Court of law will protect him therein.

Does not the reason of the same equitable doctrine equally apply, to some extent, to a party who is bound as a co-principal? We cannot perceive why it does not. If he be legally bound in the first instance, to pay the whole debt, so is the surety. The only difference between them is that a payment by one entitles him to restitution of the whole, and a payment by the other entitles him to a reimbursement of only a part of what he paid. This only difference should not, in our judgment, essentially affect the question we are considering in this case. Its only effect should be to prevent the substituted party, if he be one of several principal obligors, from enforcing the execution against his associates for his own aliquot portion of the joint debt. To that extent he is, in equity, as well as in technical law, principal as between himself and his co-obligors; but beyond it he is, as between themselves in equity, only a surety.

A joint obligor may properly advance the amount of a judgment vs himself and another, and contract with the creditor for the control of the execution, and will be therein protected by a Court of law, until he is reimbursed his proportion, in opposition to the wish of the creditor.

It, therefore, seems to us that the Circuit Judge did not err in this case, in overruling the judgment creditor's motion to quash the execution, and consequently, the judgment must be affirmed.

*Turner* for plaintiff; *Hanson* for defendants.